# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES J. QUINTANA, | 1:12-cv-867 AWI GSA |
| Plaintiff, | ORDER GRANTING IN FORMA PAUPERIS APPLICATION (Doc. 3) |
| v. | FINDINGS AND RECOMMENDATION DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND (Doc. 1) |
| UNITED STATES OF AMERICA - FEDERAL OSHA, | |
| Defendant. | |

**I.    Introduction**

Plaintiff, Charles J. Quintana ("Plaintiff") filed the instant action on May 25, 2012. (Doc. 1). Plaintiff also filed an application to proceed in forma pauperis on that same date. (Doc. 3). Having reviewed the request, this court GRANTS Plaintiff's in forma pauperis application.

Plaintiff has filed the instant complaint consisting of four sentences alleging that the Office of Safety and Health Administration ("OSHA") has not responded to a letter he wrote to "the Whistle Blower Unit" on March 22, 2012.[1] He is requesting that the Court decide

---

[1] Plaintiff's complaint is inconsistent about whether he filed a complaint with the California Department of Industrial Relations OSHA office or the United States Department of Labor OSHA office. The Court presumes Plaintiff's complaint references the USDOL's office since this office is named in the caption despite references to the California office in the body of the complaint. Moreover, the court takes judicial notice of the fact that Plaintiff has filed other cases in this district naming the State of California as Defendants : *Quintana v. State of California OSHA*, 12-cv-822 LJO-SKO and *Quintana v. State of California-Labor Standards Enforcement*, 12-cv- 823, AWI-BAM.

1

"responsibility as to OSHA's involvement." (Doc. 1 at pg. 1). Upon a review of the pleading, it is recommended that the complaint be dismissed because this Court lacks jurisdiction to hear Plaintiff's claim and any amendment would be futile.

**II.    Discussion**

A.    <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *Fed. R. Civ. P*. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. <u>See</u> *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d

1  443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*,
2  395 U.S. 411, 421 (1969).
3  B.      Analysis of Plaintiff's Claims
4         Plaintiff's complaint is vague and fails to state a claim.  Rule 8(a) states, a complaint
5  must contain "a short and plain statement of the claim."  The rule expresses the principle of
6  notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.
7  *Conley v. Gibson*, 355 U.S. at 45-46.  Rule 8(a) does not require an elaborate recitation of every
8  fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the
9  defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Id.* at
10 47.  Factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of
11 action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. at
12 1949 (2009).  Here, Plaintiff indicates that because OSHA has failed to respond to his written
13 complaint, the Court must determine OSHA's responsibility.  This pleading is not sufficient.
14 Furthermore, leave will not be given to amend because any amendment would be futile for the
15 reasons set forth below.
16        In this case, Plaintiff has named the United States as a Defendant and is referencing a
17 complaint he filed with OSHA and its lack of response.  He has submitted no legal authority for
18 the proposition that this Court would have jurisdiction to hear this claim, nor has the Court's
19 research revealed any such authority.  Although the basis of his letter to OSHA is not clearly
20 articulated in the instant complaint, a review of other complaints Plaintiff has recently filed in
21 this district indicates that he is alleging his employment was terminated at Quest Diagnostics
22 after filing reports of unlawful working conditions against his employer.  *See, Quintana v. State*
23 *of California OSHA*, 12-cv-822 LJO-SKO; *Quintana v. State of California-Labor Standards*
24 *Enforcement*, 12-cv- 823, AWI-BAM; *Quintana v. Quest Diagnostics Inc.*, 12-cv-824 LJO DLB.
25 It appears that OSHA's jurisdiction to adjudicate cases for whistleblowing are limited to 18

1  U.S.C. 1514A(b)(1)(A), more commonly known as the Sarbanes-Oxley Act.[2]  Under this statute,
2  a person who alleges discharge or other discrimination for whistleblower activities may seek
3  relief ... [by] filing a complaint with the Secretary of Labor. 29 C.F.R. § 1980.103(c) (complaint
4  should be filed with OSHA Area Director for the geographical area in which the employee
5  resides or was employed).  If a final decision is not issued within 180 days of the filing of the
6  complaint, the claimant may bring an action for de novo review in the appropriate United States
7  District Court. 18 U.S.C. § 1514A(b)(1)(B); 29 C.F.R. § 1980.114(a).  Additionally, "[f]ifteen
8  days in advance of filing a complaint in federal court, a complainant must file with the
9  administrative law judge or the Board (depending upon where the proceeding is pending), a
10 notice of his or her intention to file such a complaint." *29 C.F.R.* § 1980.114(b).  If these
11 requirements are not met, a federal court lacks jurisdiction to hear the claim. *Malin v. Siemens*
12 *Medical Solutions Health Services,* 638 F. Supp. 2d 492, 496 (D. Md. 2008); *Collins v. Beazer*
13 *Homes USA, Inc.*, 334 F. Supp. 2d 1365, 1373 & n. 5 (N.D. Ga. 2004) (setting forth the
14 administrative prerequisites to bringing a whistleblower protection action in federal court).

15        Here, Plaintiff has not set forth any legal authority establishing this Court's jurisdiction to
16 review OSHA's action.  Moreover, since Plaintiff recently filed the complaint with OSHA on
17 March 22, 2012, 180 days have not passed.  Thus, it appears no jurisdiction is conferred on this
18 Court.

19       " A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). . . . Such
20 dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v.*
21 *Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-
22 362 (9th Cir. 1981).  Sua sponte dismissal may be made before process is served on defendants.
23 *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often

---

[2] This was the only relevant authority the Court could identity that may relate to Plaintiff's claims under OSHA's jurisdiction.  However, it is noted that this Act regulates financial improprieties or dishonesty by publically traded companies. In particular, this statute prohibits retaliation against an employee who reports violations of the Sarbanes-Oxley Act, a rule or regulation of the Securities and Exchange Commission, and/or any provision of federal law relating to fraud against shareholders of publically traded companies. It is unclear if this statute is relevant to Plaintiff's claims but it was the only law the Court could identify that may apply. It appears that Plaintiff may have filed his complaints with the incorrect administrative agency.

made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants). Here, Plaintiff's case should be dismissed because he has failed to establish that he could obtain the requested relief against the Defendant.[3]

### III.     Recommendation

For the reasons set forth above, the Court finds that Plaintiff would be unable to state a cognizable claim even if leave to amend were given. Accordingly, it is recommended that Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND for lack of federal jurisdiction.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 25, 2012**          /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that Plaintiff has been given leave to amend in one of the other cases he has filed in this district. *See*, *Quintana v. Quest Diagnostics Inc.*, 12-cv-824 LJO DLB (Doc. 8).